UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER MONTOYA,

          CASE NO.:

    Plaintiff,

vs.

NEIGHBORHOOD RESTAURANT
PARTNERS FLORIDA, LLC, A
FLORIDA LIMITED LIABILITY
CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER MONTOYA, by and through the undersigned attorney, sues the Defendants, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC., a Delaware Limited Liability Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, unpaid minimum wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"), and Article X, Section 24 of the Florida Constitution.

2. Plaintiff worked for Defendant from December 2004 to December 2013.

3. Plaintiff worked as a non-exempt server/bartender for Defendant in Winter Haven, Florida.

4. During her employment with Defendant, Plaintiff was a tipped

1

employee, who was paid a direct hourly wage of $4.77 per hour or less.

5. This action is brought under the FLSA and Article X, Section 24 of the Florida Constitution, to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

6. Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC., is a Delaware Limited Liability Corporation that operates and conducts business in, among others, Polk County, Florida, and is therefore, within the jurisdiction of this Court.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8. During all times material, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were maintenance supplies and equipment, office supplies and equipment, restaurant supplies and equipment, food, beverages, and other goods and materials which had travelled in interstate commerce.

11. As a result, Defendant NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC., is an enterprise covered by the FLSA, as defined by 29 U.S.C.

§203(r) and 203(s).

## FLSA AND FLORIDA LAW VIOLATIONS

12. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff full overtime compensation for overtime hours she worked.

13. Additionally, at all times relevant, Defendant did not pay Plaintiff for all of the regular hours she worked, causing her regular rate of pay to fall below the applicable minimum wage and violating the FLSA and Florida law.

14. Plaintiff was an hourly paid, non-exempt employee of Defendant who was paid the tipped minimum wage.

15. Plaintiff was entitled to be paid the overtime premium rate of one and one-half her regular rate of pay for hours she worked in excess of forty (40) in a week.

16. During her employment with Defendant, Plaintiff routinely worked more than forty (40) hours in a work week.

17. Plaintiff was never paid proper overtime compensation, at a rate of one and one-half her regular rate of pay, for hours she worked in excess of forty (40) in a week for Defendants.

18. As a result, Plaintiff did not receive proper overtime compensation for the hours she worked in excess of forty (40) in a week.

19. Plaintiff was also entitled to be paid the minimum wage for each hour she worked for Defendant.

§203(r) and 203(s).

## FLSA AND FLORIDA LAW VIOLATIONS

12. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff full overtime compensation for overtime hours she worked.

13. Additionally, at all times relevant, Defendant did not pay Plaintiff for all of the regular hours she worked, causing her regular rate of pay to fall below the applicable minimum wage and violating the FLSA and Florida law.

14. Plaintiff was an hourly paid, non-exempt employee of Defendant who was paid the tipped minimum wage.

15. Plaintiff was entitled to be paid the overtime premium rate of one and one-half her regular rate of pay for hours she worked in excess of forty (40) in a week.

16. During her employment with Defendant, Plaintiff routinely worked more than forty (40) hours in a work week.

17. Plaintiff was never paid proper overtime compensation, at a rate of one and one-half her regular rate of pay, for hours she worked in excess of forty (40) in a week for Defendants.

18. As a result, Plaintiff did not receive proper overtime compensation for the hours she worked in excess of forty (40) in a week.

19. Plaintiff was also entitled to be paid the minimum wage for each hour she worked for Defendant.

20. Defendant would have Plaintiff work off the clock, in order to prevent the hours on her paycheck from reaching forty (40) or more in a week.

21. When Defendant had Plaintiff work off the clock, they did not pay her any wages.

22. When Plaintiff worked off the clock for Defendant, the only compensation she received were the tips she earned from customers.

23. As a result, Plaintiff was not paid any compensation for all regular hours that she worked or all overtime hours that she worked.

24. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26. Plaintiff was entitled to be paid overtime compensation for each hour she worked in excess of forty (40) per work week.

27. During her employment with Defendant, Plaintiff worked overtime hours on a weekly basis, but she did not receive full and complete overtime compensation for those hours.

28. Defendant would typically have Plaintiff work off the clock to keep the hours that appeared on her payroll check below forty (40).

29. When Plaintiff would work off the clock for Defendant, the only compensation she received were tips from customers.

30. When Plaintiff worked off the clock, Defendant did not pay her the overtime hourly rate of pay.

31. As a result, Plaintiff worked overtime hours for Defendant for which she did not receive full time and one-half overtime compensation.

32. Defendant knew, or had reason to know that Plaintiff worked in excess of forty (40) hours in a work week during one or more weeks of her employment without receiving proper compensation.

33. Defendant did not have a good faith reason for its failure to pay Plaintiff full overtime compensation.

34. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JENNIFER MONTOYA, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES (FLSA)

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

38. Plaintiff was entitled to be paid the full minimum wage for each hour she worked for Defendant.

39. Defendant would have Plaintiff work off the clock to limit the amount of hours she was credited for working in a work week.

40. When Plaintiff worked off the clock, Defendant did not pay her any wages.

41. As a result, Plaintiff's regular rate of pay fell below the applicable minimum wage.

42. Plaintiff has demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendant refused to pay the owed minimum wages or substantively respond to Plaintiff's allegations.

43. As a result of Defendant's actions in this regard, Plaintiff has not been paid the full minimum wage for each hour worked during one or more weeks of employment with Defendant.

44. Defendant willfully failed to pay Plaintiff the proper minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

45. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JENNIFER MONTOYA, demands judgment against

Defendant for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

47. Plaintiff was entitled to be paid the full minimum wage for each hour she worked for Defendant.

48. Defendant would have Plaintiff work off the clock to limit the amount of hours she was credited for working in a work week.

49. When Plaintiff worked off the clock, Defendant did not pay her any wages.

50. As a result, Plaintiff's regular rate of pay fell below the applicable minimum wage.

51. Plaintiff has demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendant refused to pay the owed minimum wages or substantively respond to Plaintiff's allegations.

52. As a result of Defendant's actions in this regard, Plaintiff has not been paid the full minimum wage for each hour worked during one or more weeks of employment with Defendant.

53. Defendant willfully failed to pay Plaintiff the proper minimum wage for

7

one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

54.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JENNIFER MONTOYA, demands judgment against Defendant for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate

Dated this 22nd day of May, 2014.

>   /s/ C. RYAN MORGAN
>   C. Ryan Morgan, Esq.
>   FBN 0015527
>   Corey Moore, Esq.
>   FBN0093615
>   Morgan & Morgan, P.A.
>   20 N. Orange Ave., 14th Floor
>   P.O. Box 4979
>   Orlando, FL 32802-4979
>   Telephone:   (407) 420-1414
>   Facsimile:   (407) 425-8171
>   Email:       RMorgan@forthepeople.com
>   coreymoore@forthepeople.com
>   Attorneys for Plaintiff