UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JENNIFER MONTOYA, on behalf of herself and those similarly situated,**

    Plaintiff,

v.                                           Case No: 8:14-cv-1262-MSS-EAJ

**NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Florida Limited Liability Corporation,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Dkt. 49) and Defendant's response in opposition thereto. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's motion as described herein.

    **I.**    **BACKGROUND**

Plaintiff, Jennifer Montoya, filed this action against Defendant Neighborhood Restaurant Partners ("NRP"). NRP operates over fifty Applebee's restaurants in nineteen counties throughout Central Florida. NRP employs servers, bartenders, and other employees to serve tables, tend bar, and work as hostesses. Plaintiff contends that she and a class of servers and bartenders are similarly situated in that they were not paid their complete overtime or minimum wages. Specifically, she says they were told by management to clock out as their total hours worked for the week approached forty, but

were permitted to continue to work "off the clock" for tips.  This allegedly was orchestrated so that NRP would not have to pay them for all hours worked, including overtime hours at the rate of one and a half times their regular rate of pay.

Plaintiff has filed the instant motion requesting the Court to conditionally certify this case as a collective action; to require Defendant to produce the names, last known addresses, phone numbers, social security numbers, and e-mail addresses of putative class members who worked for Defendant between May 29, 2011 and the present; to allow Plaintiff to send notification to all individuals whose names appear on that list; to allow posting of the Class Notice in break rooms and other common area at each of NRP's locations; and to give all individuals named on the list sixty days from the date the notices are mailed in which to file a Consent to Become Opt-In Plaintiff form.  (Dkt. 49)

In her Motion, Plaintiff identifies the potential class of plaintiffs as all servers and bartenders employed by NRP in Florida within the last three years who were not paid their complete overtime or minimum wages for any period of their employment within the statute of limitations.  (Id. at 1)  In support of the Motion, Plaintiff identifies four other similarly situated servers and bartenders who have already opted into this case, three of whom have made declarations in support of the Motion.  (Dkt. 49-2)

**II.     DISCUSSION**

FLSA collective actions may be brought by an employee or group of employees on behalf of other "similarly situated" employees.  29 U.S.C. § 216(b).  However, unlike traditional class actions in federal court, potential class members must "opt-in" to the suit by filing "consent in writing to become such a party" with the court where the suit is pending.  Id.  Another difference from traditional class actions is that the FLSA does not

2

provide for notice to be sent to potential class members.  Compare 29 U.S.C. § 216(b), with Fed. R. Civ. P. 23(c)(2).

In Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-70 (1989), the Supreme Court explained that Congress' failure to include a notice provision in section 216(b) does not foreclose courts from authorizing plaintiffs to send "opt-in" notices to similarly situated employees.  The Eleventh Circuit has implemented the Sperling decision by creating a two-tiered system for certification of FLSA collective action suits.  Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996).[1]  In the first tier, the court "conditionally certifies" a class and authorizes notice to be sent to potential class members.  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218-19 (11th Cir. 2001). A conditional certification decision generally is based only upon the pleadings and affidavits.  Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007), cert. denied, 553 U.S. 1093, 128 S.Ct. 2902, 171 L.Ed.2d 841 (2008).  The plaintiff's burden at this stage may be met by "detailed allegations supported by affidavits." Grayson, 79 F.3d at 1097.

Under the second tier, once additional class members have joined and usually after discovery is largely complete, the Defendant may move for "decertification" which requires the court to make a fact specific determination of whether the original and opt-in plaintiffs are truly similarly situated. Id.  If they are not similarly situated, the district court decertifies the group and dismisses the opt-in plaintiffs without prejudice.  Gonzales v. Hair Club for Men, Ltd., Inc., 2007 WL 1079291, *3 (M.D. Fla. Apr. 9, 2007).

A plaintiff bears the burden at all times to demonstrate that the class members are

---

[1] The Age Discrimination in Employment Act adopted the "opt-in" provision of the FLSA. 29 U.S.C. § 626(b). Accordingly, the same body of law governs opt-in actions under both Acts.  See, e.g., Grayson, 79 F.3d at 1096.

3

similarly situated. Grayson, 79 F.3d at 1096. This burden is lighter than "that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23." Gonzales, 2007 WL 1079291 at *2 (citing Grayson, 79 F.3d at 1096). A plaintiff's position need not be identical to the positions held by the potential plaintiffs, but must be at least similar. Grayson, 79 F.3d at 1096.

Even so, courts have recognized that although the plaintiff's "burden at the notice stage is not heavy, it is not invisible." Hart v. JP Morgan Chase Bank, N.A., 2012 WL 6196035, *4 (M.D. Fla. Dec. 12, 2012). In this regard, "federal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where plaintiffs attempt to certify a broad class based only on the conclusory allegations of a few employees." Id. (internal quotation marks omitted) (quoting Simpkins v. Pulte Home Corp., 2008 WL 3927275, *2 (M.D. Fla. Aug. 21, 2008)); see also Haynes v. Singer, Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983) (affirming district court's denial of provisional certification when the only evidence before the court was plaintiff's "unsupported allegations that FLSA violations were widespread and that additional plaintiffs would come from [defendant's] other stores."). In all cases, the decision whether to permit an opt-in collective action remains "soundly within the discretion of the district court." Hipp, 252 F.3d at 1219.

Plaintiff seeks to pre-certify a class composed of all servers and bartenders employed by NRP in Florida within the last three years who were not paid their complete overtime or minimum wages for any period of their employment within the statute of limitations. Upon review of the allegations in Plaintiff's Complaint and the declarations filed in support of her motion, the Court finds that Plaintiff's proposed class is overly broad

4

and she has not sufficiently demonstrated that she is similarly situated to either the current opt-in plaintiffs or members of the potential class.

First, Plaintiff seeks to certify a class of all bartenders and servers who work for NRP in Florida.  By virtue of the fact that NRP operates only in Central Florida, the class necessarily is limited to the nineteen central Florida counties in which NRP operates restaurants.  Nevertheless, even though the class is de facto limited to Central Florida, the Court is not convinced that a regional class is warranted in this case.  Plaintiff and the declarants worked at restaurants in Polk, Pinellas, and Marion counties – only three of the nineteen counties in which NRP operates.  Without any basis to conclude that servers and bartenders were forced to work off the clock at other NRP locations in other counties, the Court does not believe a class with such a broad geographic scope is warranted.

Additionally, although Plaintiff seeks to include in the class all servers and bartenders who worked for NRP, there is no evidence or allegation that servers and bartenders were treated identically or even similarly to each other in all relevant respects, such as with regard to timekeeping, the manner in which they were paid and/or tipped, hours scheduled and worked, etc.   Without any indication that servers and bartenders were similarly situated to each other, it is not clear to the Court that they should be grouped into the same class for purposes of this suit.

Finally, the affidavits of the opt-in Plaintiffs to date would suggest a myriad of reasons for unpaid overtime or unpaid wages.  In some instances the Plaintiffs allege they were forced to clock-out before they were relieved from duty.  In other circumstances, they claim they were clocked out without their knowledge.  In others still they claim to have been surprised by the fact that their checks were short the overtime or regular time

that they were owed for hours worked. In every instance the Plaintiffs were supervised by different managers, and only in Plaintiff Montoya's declaration is there any assertion that the directives were issued by "corporate" as opposed to the local manager or supervisor.

Because there are no "corporate policy" allegations from the opt-in plaintiffs and there are only five locations out of more than fifty in which plaintiffs allege there may be evidence that employees were not paid their full overtime or minimum wages, the Court has no basis for finding that each of the opt-in plaintiffs is similarly situated to Plaintiff, much less that the potential members of the class are similarly situated to her as well. This is especially true in light of the fifteen declarations submitted by Defendant from servers and bartenders who state that they were not expected to work off the clock.  See Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 362-64 (M.D. Ala. 1999) (denying certification of a collective action based, in part, upon the court's finding that plaintiffs failed to satisfy the "similarly situated" requirement because they had not presented any evidence supporting their allegation of a uniform corporate practice discouraging overtime throughout defendant's restaurant chain).  Certainly there is no basis here for precertification of approximately 4,611 servers and bartenders employed by NRP based on the conclusory and dissimilar allegations of five employees.

Finally, the Court notes that although the threshold for conditional certification of a FLSA collective action is low, it is not so low that plaintiffs can meet it by merely repurposing cookie-cutter, copy-cat pleadings, as appears to be the case here.  As Defendant points out, Plaintiff's motion appears to be largely identical to a motion for conditional certification filed in another case in this district – so much so that one of the headings in Plaintiff's motion refers to the Defendant in that other case. Additionally, the

photo quality of Plaintiff's Answers to Court Interrogatories (Dkt. 28, Dkt. 28-1) is so poor as to make the Court question how much involvement the Plaintiff and the opt-in plaintiffs had in answering the interrogatories. One of the interrogatories is labeled "Legacy Vacation Club," which casts doubt as to whether it was even prepared for this litigation or seen by the affiant. (Dkt-28-1 at pp. 4-5) Simply put, these shortcuts and deficiencies in Plaintiff's pleadings are insufficient to meet even the low standard for conditional certification of a collective action.

Because the Court determines the proposed class is overbroad and Plaintiff has not sufficiently demonstrated that the members of the proposed class are similarly situated to her, the Court will exercise its discretion and deny certification of a collective action.

### III.  CONCLUSION

Upon consideration, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Conditionally Certify Class (Dkt. 49) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of February, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Person