**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JENNIFER MONTOYA, on behalf of herself
and those similarly situated,

    Plaintiff,

  vs.                                            CASE NO.: 8:14-cv-01262-MSS-EAJ

NEIGHBORHOOD RESTAURANT
PARTNERS FLORIDA, LLC, A FLORIDA
LIMITED LIABILITY CORPORATION,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS OPT-IN PLAINTIFFS AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff Jennifer Montoya used to work as a server and bartender at an Applebee's restaurant operated by Defendant Neighborhood Restaurant Partners Florida, LLC ("NRPF"). She claims that NRPF violated the Fair Labor Standards Act ("FLSA") and Florida law by allegedly requiring her to work "off the clock" to avoid having to pay overtime. Plaintiff moved to conditionally certify a class of current and former servers and bartenders under the FLSA, 29 U.S.C. § 216(b). The Court has denied Plaintiff's motion, holding that the proposed class "is overbroad and Plaintiff has not sufficiently demonstrated that the members of the class are similarly situated to her…." (ECF No. 59 at 7). Since the court denied certification of a collective action, the individuals who previously joined the case as collective action members by filing consents to opt-in must be dismissed from the case without prejudice.

## BACKGROUND

Plaintiff filed her complaint in this case on May 28, 2014 (ECF No. 1). At that time, she also filed her notice of consent to join a collective action and to be represented by Morgan & Morgan, P.A. (ECF No. 2). Subsequently, five other individuals filed consents to join a collective action, on the following dates: (1) Alicia Reed, June 18, 2014 (ECF No. 8); (2) Paul Price, June 23, 2014 (ECF No. 12); (3) Amy Mouisset, September 16, 2014 (ECF No. 37); (4) Jacki Momchilovich, October 2, 2014 (ECF No. 38); and (5) Ashley Moore, December 22, 2014 (ECF No. 54) (collectively, "Opt-Ins").

On November 24, 2014, Plaintiff filed her motion to conditionally certify an FLSA collective action and facilitate notice to potential class members (ECF No. 49). On February 20, 2015, the Court denied Plaintiff's motion for conditional certification, holding that Plaintiff is not "similarly situated" to those she sought to represent (ECF No. 59).

## ARGUMENT

If the Court finds that the named plaintiff is not similarly situated to the putative collective action members in an FLSA case and denies certification -- as it has done here -- it must dismiss the opt-ins. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). As the Eleventh Circuit has explained:

> If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

252 F.3d at 1218 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Circ. 1995) (affirming district court's order decertifying collective action and dismissing the opt-in

plaintiffs without prejudice)); *McGlathery v. Lincare, Inc.*, No. 8:13-cv-1255-T-23TBM, 2014 WL 1338610 (M.D. Fla. April 3, 2014) (discussing *Hipp* and dismissing opt-ins without prejudice where time for plaintiff to file motion for conditional certification had expired).

A number of other courts have also dismissed opt-in plaintiffs without prejudice after denying motions for conditional certification or after the time for moving for conditional certification has passed. *E.g., Odem v. Centex Homes*, No. 3:08-cv-1196-L, 2010 WL 424216, at * 6 (N.D. Tex. Feb. 4, 2010) (denying motion for conditional certification and dismissing without prejudice opt-in plaintiffs who had joined, allowing the case to proceed on plaintiff's individual claims); *Clay v. Huntington Ingalls, Inc.*, No. 09-7625, 2012 WL 860375, at *3 (E.D. La. Mar. 13, 2012) (explaining that when certification is denied, courts typically dismiss the claims of the opt-in plaintiffs without prejudice, and refusing to convert opt-in plaintiffs into named plaintiffs).

Similarly, courts routinely dismiss opt-in plaintiffs after decertifying a conditionally certified collective action. *E.g., Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008) (affirming decertification of an FLSA collective action, dismissal of opt-in plaintiffs, and severance of the named plaintiffs into separate individual actions); *Alvarez v. City of Chicago*, 605 F.3d 445, 449-50 (7th Cir. 2010) (after final certification denied, plaintiffs may proceed individually). *Cf Prescott v. Prudential Ins. Co.*, 729 F.Supp.2d 357, 370 (D. Me. 2010) (conditionally certifying collective action and stating, if "the collective action is later decertified, [the opt-ins] will be dismissed without prejudice… and may pursue their claims individually or seek to rejoin this suit under Rule 20). The denial of conditional certification

3

operates the same as decertification: both situations involved a judicial determination that it is inappropriate for the case to proceed to a single trial as a collective action.

Here, conditional certification has been denied. The deadline for motions to add parties was December 19, 2014, and discovery closes June 26, 2015 (ECF No. 41), meaning that, at this point, it is not possible for this case to proceed on a basis other than an individual action. *See, e.g., Quijano, et al. v. Tuffy Assoc. Corp.*, No, 2:13-cv-00573-SPC-CM, p. 3 (M.D.Fla. Aug. 21, 2014) ("Since conditional certification is no longer possible and Quijano and Miralles failed to move to amend the complaint, the opt-in plaintiffs are due to be dismissed without prejudice . . .."). Accordingly, the Opt-Ins must be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, NRPF respectfully requests that the Court dismiss the Opt-Ins without prejudice.

**Dated: May 14, 2015**     Respectfully submitted,

NEIGHBORHOOD RESTAURANT
PARTNERS FLORIDA, LLC

By: s/ Noah A. Finkel
    One Of Its Attorneys

Noah A. Finkel (*admitted pro hac vice*)
Laura Reasons (*admitted pro hac vice*)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000
nfinkel@seyfarth.com
lreasons@seyfarth.com

Dennis M. McClelland
Florida Bar No. 0091758

4

19787991v.3

PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602
(813) 472-7550
dennis.mcclelland@phelps.com

*Attorneys for Defendant*

19787991v.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2015, I served the following counsel of record with Defendant's Motion to Dismiss Opt-In Plaintiffs and Memorandum in Support Thereof via the Court' ECF filing system:

> C. Ryan Morgan
>   rmorgan@forthepeople.com
> Carlos V. Leach
>   cleach@forthepeople.com
> Jeffrey Corbett Moore
>   jmoore@forthepeople.com
> MORGAN & MORGAN, PA
> 20 North Orange Avenue, Suite 1600
> P.O. Box 4979
> Orlando, Florida 32801

s/ Noah A. Finkel
Attorney for Defendant